UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

James Brown, III,

    Plaintiff,

vs.

Goose Creek Police Department and
Officer Michael R. Bennett,

    Defendants.

2:24-cv-01485-DCN-MHC

**C O M P L A I N T**
**(JURY TRIAL DEMANDED)**

**Introduction**

1. This is an action for money damages under 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fifteenth Amendments to the United States Constitution, and state law tort claims, against Officer Michael R. Bennett and the Goose Creek Police Department. Defendant Bennett is sued in his individual capacity. The Goose Creek Police Department is sued as a government entity. This United States District Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343, and pendent jurisdiction to entertain claims arising under state law.

2. The individual defendant, acting under color of state law as a police officer, violated the rights of the Plaintiff with an unreasonable seizure of his person, prohibited under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants falsely arrested and imprisoned Plaintiff. These violations and torts were committed because of the

policies and customs of the Goose Creek Police Department, as well as the result of negligence on the part of all Defendants.

## Parties

3.  James Brown III is a resident of Berkeley County, South Carolina.

4.  At all times material to this Complaint, Defendant Bennett was employed by the Goose Creek Police Department.

5.  The Goose Creek Police Department is a law enforcement agency organized under the laws of the state of South Carolina.

## Facts

6.  At the time of the incident, Plaintiff was 76 years old, legally blind, and confined to a wheelchair due to a recent amputation of his leg. Plaintiff had also suffered a recent heart attack and was in the process of recovering.

7.  On or around September 6, 2023, Plaintiff was in his own home with his wife, Annie Brown, when Mr. Isaiah Graham entered his home.

8.  Mr. Graham had previously resided in the home but was kicked out following a physical altercation with Plaintiff during which he assaulted Plaintiff. Mr. Graham had returned on September 6, 2023, to return the key and insisted on handing it directly to Mr. Brown.

9.  Because of his prior dealing with Mr. Graham, Plaintiff did not want Mr. Graham to come near him and Mrs. Brown was trying to prevent him from entering the room where Plaintiff was. Despite Plaintiff's protests, Mr. Graham entered the room. Plaintiff held a gun and shot at the floor to protect himself.

10. During the interaction, Plaintiff dialed 911 himself.

11. Officers arrived and detained Mr. Graham who was also holding a gun.

12. Mr. Graham was released shortly thereafter.

13. Upon information and belief, Officer Bennett then arrested Plaintiff for Assault and Battery of a High and Aggravated Nature and for the Possession of a Weapon During a Violent Crime.

14. Upon information and belief, Officer Bennett then booked Plaintiff into the Berkley County Detention Center.

12. Plaintiff was held without bond until a motion to file bond was granted on September 29, 2023, and he was released on October 2, 2023.

13. Plaintiff hired an attorney to defend the criminal charges brought against him and all charges were dismissed at the Preliminary Hearing for lack of probable cause on October 20, 2023.

14. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. violation of his constitutional rights under the Fourth and Fourteenth amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. loss of his physical liberty;

    c. physical pain and suffering, embarrassment, and emotional trauma and suffering;

    d. permanent damage to his reputation.

15. The actions of the defendant police violated the clearly established and well-settled federal constitutional rights of Plaintiff to be free from the unreasonable seizure of his person, and to be free from the unreasonable and unjustified force against his person.

16. The actions of the Defendants were grossly negligent, proximately causing physical and mental injuries and other damage to the Plaintiff.

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983 against Defendant Bennet)

17. The above stated allegations are hereby incorporated as if stated herein.

18. On the date of Plaintiff's arrest and at all relevant times, Bennett acted under color of state law where he was employed by the Goose Creek Police Department taxed with various duties to include the execution of warrants and the arrest of persons pursuant to a proper finding of probable cause.

19. Bennett knew or should have known that there was no probable cause to arrest Plaintiff who was legally blind and in a wheelchair, being physically threatened in his own home, and who had called 911 for help.

20. Bennett's acts and omissions constituted a seizing and confinement of Plaintiff proximately causing a violation of Plaintiff's Fourth and Fourteenth Amendment rights protecting against such unlawful seizure and loss of liberty.

21. Plaintiff is entitled to an award for actual, compensatory and punitive damages as well as attorney's fees in an amount likely to exceed $25,000.00 pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### (Gross Negligence and Recklessness)

22. The above stated allegations are hereby incorporated as if stated herein.

23. Defendants were under a duty not to unlawfully arrest and/or cause physical harm to the Plaintiff.

24. Defendants were grossly negligent, willful, wanton and reckless in causing injury to Plaintiff by way of Plaintiff's unlawful arrest.

25. Defendants' actions were the direct and proximate cause of the injuries and damages suffered by the Plaintiff; said acts being in violation of the laws of the State of South Carolina.

26. As a result of Defendant's gross negligence, willfulness, wantonness and recklessness as noted above, Plaintiff is entitled to an award for actual and compensatory damages.

## THIRD CAUSE OF ACTION

### (False Imprisonment)

27. The above stated allegations are hereby incorporated as if stated herein.

28. Defendants falsely imprisoned Plaintiff in that Defendants restrained Plaintiff, the restraint was intentional, and the restraint was unlawful.

29. As a result of the false imprisonment Plaintiff is entitled to an award for actual and compensatory damages.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

30. The above stated allegations are hereby incorporated as if stated herein.

31. Defendants intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain such distress would result from their conduct.

32. The conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

33. Defendants' actions caused the Plaintiff emotional distress.

34. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

35. As a result of said intentional infliction of emotional distress, Plaintiff is entitled to an award for actual and compensatory damages.

## FIFTH CAUSE OF ACTION

### (Defamation/Defamation Per Se)

36. The above stated allegations are hereby incorporated as if stated herein.

37. Defendants made false and defamatory statements concerning Plaintiff.

38. The statements were unprivileged publications to a third party.

39. Defendants were at fault in publishing the statements.

40. Plaintiff is entitled to an award for general damages pursuant to a *per se* analysis and an award for actual and compensatory damages.

## SIXTH CAUSE OF ACTION

### (Malicious Prosecution)

41. The above stated allegations are hereby incorporated as if stated herein.

42. Defendants instituted and continued an original criminal proceeding against Plaintiff.

43. The judicial proceeding was at the instance of Defendants.

44. The criminal proceeding was dismissed in Plaintiff's favor.

45. Defendants exhibited malice in instituting such proceedings.

46. There was a lack of probable cause for said proceeding.

47. Plaintiff suffered injury because of said proceeding and entitled to an award for actual and compensatory damages.

### SEVENTH CAUSE OF ACTION

### (Negligence *Per Se*)

48. The above stated allegations are hereby incorporated as if stated herein.

49. Defendants had a duty not to violate S.C. Code § 16-3-910 which criminalizes the unlawful seizure of adults within the State of South Carolina.

50. Defendants recklessly and grossly failed in this duty not to unlawfully seize Plaintiff.

51. The essential purpose of S.C. Code § 16-3-910 is to prevent the unlawful seizure of Plaintiff and the naturally occurring harm that follows as stated above.

52. Plaintiff suffered the direct and proximate harm for Defendants failure to not violate S.C. Code § 16-17-722 and S.C. Code § 16-17-725 as stated above.

53. Plaintiff is entitled to an award as against Defendants for actual and compensatory damages.

### EIGHTH CAUSE OF ACTION

### (Gross Negligence, Willful and Wanton Negligent Hiring, Retention and Lack of Supervision)

54. The above stated allegations are hereby incorporated as if stated herein.

55. Defendants harmed Plaintiff unlawfully, and without probable cause, arresting, and causing the confinement of the Plaintiff.

56. Defendants acted within the confines of the jurisdiction of the Goose Creek Police Department and, further, used the Goose Creek Police Department's equipment and staff to restrain, transport and confine Plaintiff.

57. Defendant Goose Creek Police Department reasonably knew, or had a reasonable reason to know, of the ability to control Defendant Bennett and that he would likely commit the acts against the Plaintiff or other persons subject to the authority granted them by Defendant as alleged above.

58. Defendant Goose Creek Police Department knew, or should have known, of the necessity and opportunity to control Defendant Bennett.

59. Defendant Goose Creek Police Department departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, reckless, exhibited a deliberate indifference to public welfare and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

    a.    in failing to properly review and/or investigate Bennett prior to hiring him;

    b.    in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers executing arrests or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    c.    in failing to properly train and educate Bennett;

    d.    in failing to dismiss or relieve Bennett upon learning of his misconduct;.

    e.    in such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

60. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by Defendants to the Plaintiff, the Plaintiff was unlawfully arrested, restrained, confined and prosecuted such that Plaintiff is entitled to an award of actual and compensatory damages sufficient to compensate her for the injuries complained of above in an amount expected to be in excess of $25,000.00.

## DAMAGES

61. The above stated allegations are hereby incorporated as if stated herein.

62. As a result of actions of Defendants as set forth above, Plaintiff has suffered damages to include, but not limited to, deprivation of liberty, loss of enjoyment and quality of life, severe psychological injury and depression, shock, mental anguish, humiliation and other damages as shall be proven at the trial of this case. Plaintiff is entitled to an award of damages sufficient to compensate him for the injuries complained of in an amount expected to exceed $25,000.00.

WHEREFORE, the Plaintiff requests the following relief:

a. Trial by jury on his claims;

b. An award of compensatory damages against the Defendants, including but not limited to pain and suffering, mental anguish, and punitive damages, as the trier may assess;

c. An award of reasonable attorneys' fees and costs allowed by statute;

d. Such other and further relief as this court deems just.

[signature page to follow]

*s/ Elizabeth Dalzell*
Elizabeth Dalzell
Fed I.D. No. 7619
Shealey Law Firm
1507 Richland Street
Columbia, SC 29201
(803) 929-0008
*Attorney for the Plaintiff*

Columbia, South Carolina

March 27, 2024